Wardlaw, J.
I join in dissenting.
Process of execution is, in theory, the written memorial of a mandate given by the Court. As the entry of judgment is registration of what the Court decided, supposed to have been made at the time' of decision, although actually made during the next vacation, so a fieri facias, or other final process, shews what the Court ordered, and is supposed to have issued from the Court at the instant the order was given. Before our Act of 1827, extending the time for the renewal of final process, and other Act's altering our practice, (none of which have affected the principles applicable to final process,) a fi. fa. must have been *509 tested during term — it had. except in regard to the time of its lien, relation to the first day of the term in which it was tested; it was returnable to the next term : if not executed before its return day, the sheriff then returned to the Court the reason why it had not been: an alias fi. fa. was then supposed to have been ordered and was issued during the next vacation; upon its return without complete execution, a pluries was awarded, and so on. Every renewal was thus a new order of the Court, given upon proof that the former order had been ineffectual, and contained in itself, so long as it remained unvaca-ted, evidence that the execution, which had been required to be done, remained undone — that the money required to be made, remained unpaid. The 19th sect. of the Clerk’s Act of 1839, (11 Stat. 76,) prohibiting the clerk from sealing any renewed execution before the former one has been returned, recognizes the true theory on this subject.
When the plaintiff in execution has permitted too long a time to elapse after the return of final process unexecuted, and his right to renew, as matter of course, has thereby been lost, a discontinuance of his process results, and if he would re-establish the continuance, he may resort to a sci fa. for the purpose of removing the presumptions which his delay has raised. The award of execution after sci. fa. is a decision by the Court that the judgment is yet unsatisfied. If, after this award, the plaintiff should neglect to sue out process, it would not be contended that the award did not remove all prior presumptions, so that reference must be had to the time it was made in all future contests concerning presumptions. Now, it seems to me, that the renewal of a fi. fa. before the right to renew has been lost, is just the same as the renewal by virtue of an award after sci. fa. or as such award itself. It is, without the need of sci. fa., that continuation, which, after interruption by too , great a lapse of time, sci. fa. effects. It is said that there is a difference in this that the defendant receives notice by a sci. fa. and is a party to the award made under it, but has no notice of a mere renewal. I think that in the latter case there is no need of notice; the de *510 fendant was in. Court, heard the judgment, knows of the order for execution which was made, and is, in theory, privy to all that subsequently occurs in Court under the judgment before a discontinuance takes place.
But it is supposed that, although a plain tiff, who has regularly continued his process of execution, might well be saved from the effect of any rule that would, from mere lapse of time, presume his having received that satisfaction, which all along he had been in vain striving to obtain, by all the means which the law afforded to him, yet that where, after several renewals, the plaintiff has suffered his process to be discontinued, a presumption of payment runs from the day of judgment, and is rather increased by the failure to continue the renewals. A writ sued out upon a bond and not continued, had no effect in rebutting a presumption of payment, which lapse of time and other circumstances had raised, but was considered rather to shew an affirmative renunciation of the claim. (Palmer vs. Dubois, 1 Mill, 181). A writ sued out upon a note and not continued, would be unavailing to change either the time, when the cause of action accrued, or that, when the action was commenced, if the statute of limitations was pleaded in an action on the note. These instances, however, serve only to suggest a difference between mesne and final process. A writ of capias ad respondendum, is at most a demand made by the plaintiff — his averment that the right sought by the writ belongs to him: an abandonment of the suit may well be argued to shew that the right never existed or has ceased. But before a fi. fa. issues, the right has been adjudged to the plaintiff: — every new order for execution is a recognition of the judgment as yet subsisting unsatisfied : a discontinuance raises a presumption of satisfaction to be sure, but only a natural presumption of fact, having, according to circumstances, more or less weight in creating belief, until twenty years have elapsed; and that presumption is, that satisfaction has been made since the last order for execution, and not that it was made at the date of the judgment or at any time prior to the last order. The objection to the present decision is, that the *511 artificial force of the presumption arising from the lapse of twenty- years, counting from the date of the judgment, was allowed so far to prevail as to require the plaintiff to rebut it.— My opinion is, that every renewal of the fi. fa. arrested the presumption, and from the time of the last renewal only, should any artificial rule have commenced to operate. If, from the discontinuance of process and other circumstances the jury really believed that the judgment had been paid, they were justified in finding so — but it seems plain that their conclusion was produced by the influence given to twenty years, in disregard to the rebuttal made by every renewal.
In Frazer vs. Perdrieau, (1 Bail. 172,) the judgment, as well as the fi. fa. obtained on the bond against a co-obligor within twenty years, failed to rebut the presumption in favor of the defendant, which fourteen years neglect of all proceedings after the return of nulla bona on the fi. fa. raised in the opinion of the jury.
That in debt on a judgment, recovery is had of the sum adjudged, without regard to the process of execution, or that in sci. fa. the judgment only is set forth and execution of that is prayed, is of no more importance in the question we are considering, than it would be to say that in debt on bond, notwithstanding any payment or acknowledgement by the defendant, recovery is had of the original penalty.
In the case of Mullikin vs. Duval, (7 Gill & Johns. 355,) the plaintiff in debt on judgment, — when benefit was claimed of a statute which forbid that any bond or judgment should be admitted in evidence as good after the “ debt or thing in action was above twelve years standing,” — endeavoured to shew that the twelve years must be counted from the return of the fi. fa. It would not have availed him to count, (as in this case I think the twenty years, to which artificial force is ascribed, should be counted) from the teste of the last fi. fa. The words of the statute were held to be so imperative, that no acknowledgement nor evidence of continued existence could control them. In the course of his observations, the Judge, who delivered the opinion, *512 speaking of the necessity of sci. fa. founded on the presumption of payment arising from lapse of time, says that, “ where continuances are entered upon the roll, they operate as a continuing demand of the debt by the plaintiif, and .seem to repel the legal presumption of satisfaction, which would otherwise arise from the lapse of time.”
The great indulgence which our statutes have given to the renewal of executions may, under the limitations which appear to be annexed to the decision now made, save the rights of many indulgent plaintiffs in judgment, whose debtors have been for a time insolvent, or so situated that fieri facias against them has been unproductive : but I think that the decision is calculated to establish a presumption in the face of contradicting circumstances which forbid belief, and may still, in maqy cases, work mischief and injustice.

Motion dismissed.